# United States Court of Appeals
## For the First Circuit

No. 01-1773

UNITED STATES OF AMERICA,
Appellee,

v.

MIGUEL H. COLON-SOLIS,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin, Senior Circuit Judge,

and Smith,* District Judge.

Maria H. Sandoval on brief for appellant.
H. S. Garcia, United States Attorney, Sonia I. Torres-Pabón, Chief, Criminal Division, and Nelson Pérez-Sosa and Thomas F. Klumper, Assistant United States Attorneys, on brief for appellee.

January 8, 2004

*Of the District of Rhode Island, sitting by designation.

**SELYA**, **Circuit Judge**.  Defendant-appellant Miguel H. Colón-Solís (Colón) appeals from a sentence imposed after a guilty plea to a single count of conspiring to distribute a controlled substance (cocaine).  See 21 U.S.C. §§ 841(a)(1), 846.  The appellant's principal argument is that the district court erred in imposing a ten-year mandatory minimum sentence, id. § 841(b)(1)(A), without making a specific finding that he — rather than the charged conspiracy — was accountable for a particular quantity of drugs.

This argument presents a question of first impression in this circuit.  We phrase the question as follows:  When a defendant admits that the conspiracy to which he belonged handled drug quantities sufficient to trigger a statutory mandatory minimum sentence, does he automatically become subject to that mandatory minimum without a further finding that the triggering amounts were attributable to, or foreseeable by, him?  We join several of our sister circuits in answering this question in the negative.  Accordingly, we vacate the appellant's sentence and remand for resentencing.

Because the appellant's sentence followed an admission of guilt, we glean the pertinent facts from the change-of-plea colloquy, the presentence investigation report (PSI Report), and the transcript of the disposition hearing.  See United States v. Dietz, 950 F.2d 50, 51 (1st Cir. 1991).  The government charged the appellant, along with a number of others, with conspiring to

-2-

distribute narcotics as a member of the so-called La Cabra drug ring. See United States v. Pérez-Ruiz, ___ F.3d ___, ___ (1st Cir. 2003) [No. 02-1466, slip op. at 3] (describing the La Cabra drug ring). On the eve of trial, he entered a straight guilty plea. In doing so, the appellant admitted that the conspiracy had handled more than five kilograms of cocaine (the triggering amount for a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)). The change-of-plea proceeding left open the question whether the appellant himself was responsible for a lesser drug quantity.

The appellant was one of several codefendants who simultaneously changed their pleas. Perhaps because of this circumstance, the proffer made by the government at the appellant's change-of-plea hearing was conspicuous for its scantiness. The prosecutor stated only that the appellant had served as a runner "on occasions" for Miguel O'Conner-Colón (La Cabra) and, as such, had (i) assisted in the packaging and processing of narcotics, and (ii) delivered narcotics to drug points. The prosecutor did not allude in any way to specific drug weights.

The district court convened the disposition hearing on April 12, 2001. The appellant argued that he should not be held responsible for five kilograms or more of cocaine (and that, therefore, the mandatory minimum was irrelevant). The court brushed aside this argument, noted that the indictment charged

distribution of five kilograms or more of cocaine, and found that the appellant had admitted to this "basic drug amount" at the change-of-plea hearing. On that foundation — and that foundation alone — the court found the appellant responsible for five kilograms or more of cocaine. Relying on this finding, the court invoked 21 U.S.C. § 841(b)(1)(A) and imposed a ten-year incarcerative sentence. This appeal followed.

We review de novo properly preserved challenges to a sentencing court's conclusions of law. United States v. St. Cyr, 977 F.2d 698, 701 (1st Cir. 1992). The appellant properly preserved his claim that the district court erred in failing to make an individualized finding as to the drug quantities attributable to, or foreseeable by, him. See Pérez-Ruiz, ___ F.3d at ___ [slip op. at 22-23]. Finding the record barren — it contains no evidence of any particular drug quantities attributable to, or foreseeable by, the appellant; no specific finding as to any drug quantity attributable to, or foreseeable by, him;[1] and no relevant stipulations — we validate the appellant's claim of error. We explain briefly.

_____

[1]At the request of defense counsel, the district court reduced the appellant's base offense level to take account of the fact that heroin — a substance handled by the La Cabra drug ring — was not distributed in the La Ferran ward (where the appellant had worked). This reduction suggests that the court understood the concept of individual accountability, but it does not compensate for the lack of specific findings vis-à-vis the quantities of cocaine attributable to, or foreseeable by, the appellant.

The sentencing court appears to have applied a per se rule, automatically attributing to the appellant the full amount of the drugs charged in the indictment and attributed to the conspiracy as a whole. This was error.

To be sure, we derive the applicable statutory maximum in a drug conspiracy case from a conspiracy-wide perspective. Id. at ___ [slip op. at 31]; Derman v. United States, 298 F.3d 34, 43 (1st Cir.), cert. denied, 537 U.S. 1048 (2002). Nevertheless, we consistently have required a defendant-specific determination of drug quantity as a benchmark for individualized sentencing under the guidelines. See, e.g., United States v. Bradley, 917 F.2d 601, 604 (1st Cir. 1990); USSG §1B1.3. Thus, when a district court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant.[2] In the absence of such an individualized finding, the drug quantity attributable to the conspiracy as a whole cannot automatically be shifted to the defendant. See United States v. Valencia-Lucena,

---

[2]This does not mean, of course, that the defendant must have personally handled the drugs for which he is held responsible. A defendant also may be held responsible for drugs involved in his "relevant conduct." USSG §1B1.3. In a proper case, "[s]uch conduct may include a defendant's own acts or the acts of others." United States v. Laboy, ___ F.3d ___, ___ (1st Cir. 2003) [No. 02-1865, slip op. at 8].

988 F.2d 228, 234-35 (1st Cir. 1993); <u>United States</u> v. <u>Thompson</u>, 944 F.2d 1331, 1343-44 (7th Cir. 1991).

A mandatory minimum operates in much the same way. It is made <u>potentially</u> available by a finding that the conspiracy as a whole handled (or at least contemplated) the necessary triggering amount. But to apply the mandatory minimum to a particular coconspirator, the sentencing court must make a specific finding, supportable by a preponderance of the evidence, ascribing the triggering amount to that coconspirator. <u>See</u> <u>United States</u> v. <u>Swiney</u>, 203 F.3d 397, 401-06 (6th Cir. 2000); <u>United States</u> v. <u>Becerra</u>, 992 F.2d 960, 967 n.2 (9th Cir. 1993); <u>United States</u> v. <u>Gilliam</u>, 987 F.2d 1009, 1013-14 (4th Cir. 1993).

That principle is dispositive in this case. Where, as here, a defendant admits that the conspiracy to which he belonged handled drug quantities sufficient to trigger a mandatory minimum sentence, he becomes potentially eligible for the mandatory minimum — but that provision cannot be applied in his case without an individualized finding that the triggering amount was attributable to, or foreseeable by, him.

We need go no further.[3] Given the lack of any individualized findings of drug quantity, we must vacate the appellant's sentence and remand to the district court for resentencing. We take no view as to what sentence is appropriate; we merely hold that any sentence imposed must be accompanied by particularized findings as to the drug amounts attributable to, or foreseeable by, the appellant.

**The conviction is affirmed, the sentence is vacated, and the case is remanded for resentencing**.

---

[3]Given our disposition of the appellant's principal claim of error, we need not reach his challenge to the district court's application of the doctrine laid down in <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466, 490 (2000). We note, however, that substantially the same challenge appears to have been considered and rejected in earlier decisions. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Collazo-Aponte</u>, 281 F.3d 320, 325 (1st Cir.) (collecting cases), <u>cert.</u> <u>denied</u>, 537 U.S. 869 (2002).