**UNITED STATES of America**

v.

**Ramon PEREZ, Defendant**

**No. CRIM.04–86–P–H.**

United States District Court,
D. Maine.

Oct. 5, 2004.

Jonathan A. Toof, Michael J. Conley, Office of the United States Attorney, Portland, ME, for United States Of America.

Thomas S. Marjerison, Norman, Hanson & DeTroy, Portland, ME, for Ramon Perez, Defendant.

**PROCEDURAL ORDER**

HORNBY, District Judge.

The Superseding Indictment charges this defendant with being a mem-

ber of a conspiracy [1] involving at least five kilograms of cocaine. That quantity activates the section of the narcotics statute with the highest statutory drug sentencing category, 21 U.S.C. § 841(b)(1)(A). In a "Sentencing Allegation," the Superseding Indictment also charges that this defendant is "accountable for at least 15 kilograms of cocaine." That quantity increases the United States Sentencing Guideline ("Guideline") sentencing range and is also designed to comply with the First Circuit's requirement in *United States v. Colon–Solis* that in a drug conspiracy case, "any sentence imposed must be accompanied by particularized findings as to the drug amounts attributable to, or foreseeable by, the appellant." 354 F.3d 101, 104 (1st Cir.2004).

The defendant's lawyer has informed the court that his client wants to plead guilty to the charge of conspiracy, but wants a jury trial on the drug quantities and on the scope of the conspiracy.[2] The government urges me not to accept this limited plea of guilty.

Before *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the sentencing judge determined the applicable drug quantities (and thereby the statutory maximum and minimum penalty and the guideline range) whether a conviction was by a jury or by a guilty plea. In other words, before *Apprendi* I could probably have accepted a partial plea somewhat along the lines the defendant proposes, but I as the judge would have made the determinations about drug quantity and its impact on the sentence.

After *Apprendi*, in cases that went to trial, the judge submitted the question of conspiracy drug quantity to the jury (to determine beyond a reasonable doubt). The jury's answer determined the applicable statutory maximum. *United States v. Perez–Ruiz*, 353 F.3d 1, 15 (1st Cir.2003). But the judge still determined (on his/her own and by a preponderance of the evidence) the drug quantity pertinent to the individual defendant and thus the applicability of any mandatory minimum sentence and the governing guideline range (within the statutory maximum). *See id.* For defendants who pleaded guilty, the sentencing judge alone determined all those issues, except the statutory cap, which was controlled by what the Indictment or Information charged. *See United States v. McLean*, 287 F.3d 127, 133 (2d Cir.2002). Although *Apprendi* resulted in verdict questions to juries about drug quantity, such questions generally were asked only if the jury had found guilt on the underlying offense. I have been unable to find any case where a defendant was permitted to plead guilty and then proceed to jury trial on drug quantity alone.

As a result of *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the active judges in this District have ruled that a defendant is entitled to a jury trial and proof beyond a reasonable doubt as to all sentence-enhancing factors except criminal history. But there remains widespread disagreement and uncertainty across the country on what *Blakely* demands for federal sentences.

1. A conspiracy to possess and possess with intent to distribute.

2. This is specifically not a case where the defendant is willing to plead guilty to the offense and stipulate that the judge may determine the relevant sentencing facts, a possibility suggested by *Blakely v. Washington*, —— U.S. ——, ——, 124 S.Ct. 2531, 2541, 159

L.Ed.2d 403 (2004). The defendant also wants to go to trial on venue, but a guilty plea would waive his right to jury trial on venue. *See United States v. Calderon*, 243 F.3d 587, 590 (2d Cir.2001). Since I am rejecting the plea of guilty, however, the defendant may continue to press his venue challenge at trial.

Just yesterday the United States Supreme Court heard oral argument in a case from this District, *Fanfan v. United States*, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 12, —— L.Ed. —— (2004), and another from the Seventh Circuit, *United States v. Booker*, 375 F.3d 508 (7th Cir.2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 11, —— L.Ed.2d —— (2004). Everyone hopes that early Supreme Court decisions in these two cases will clear up the confusion engendered by *Blakely*. In the meantime, however, this defendant has said through counsel that he does not want to await the Supreme Court rulings before proceeding. Because he is entitled to proceed without delay, *see* 18 U.S.C. § 3161, I must determine what procedure to follow in light of *Blakely*. I have been unable to find any cases directly on point. I therefore work from basic principles.

■ Since "[a]n indictment must set forth each element of the crime that it charges," *Almendarez–Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), a guilty plea traditionally admitted all the "elements" of the crime. A defendant had to plead guilty to the entire offense or not at all, and a court could not, over the government's objection, accept a plea to a lesser included offense. *United States v. Edmonson*, 792 F.2d 1492, 1498 (9th Cir.1986). The defendant

here says that pleading guilty to conspiracy covers the "elements" in this case. I do not believe that "scope" of the conspiracy can be extracted from the elements of the offense as that term has been used conventionally and therefore I would not entertain a partial plea that contested the scope of the conspiracy.[3] Drug quantity is more difficult. Before *Apprendi* we were certain that drug quantity was merely a sentencing issue, not an essential part of the conviction. *See, e.g., United States v. Lindia*, 82 F.3d 1154, 1160–61 (1st Cir.1996). *Apprendi* taught us that where drug quantity elevated the statutory maximum sentence, it had to be proven beyond a reasonable doubt to the jury. But judges could still make all other drug quantity determinations at sentencing. *See, e.g., United States v. Lopez–Lopez*, 282 F.3d 1, 22 (1st Cir.2002). In the post-*Blakely* world, however, all sentence-enhancing factors (other than criminal history) must be proven to a jury beyond a reasonable doubt. Have they thereby become "elements of the offense"? Since drug quantity now must be proven to a jury beyond a reasonable doubt regardless of what it is called, the old debate over whether it is an "element" seems to have lost significance.[4] It certainly does not help resolve the issue before me.[5] Therefore, I consider other factors.

---

3. The Superseding Indictment does not allege any particular scope for the conspiracy beyond the quantity allegations. Presumably the defendant knows what the government will state in its prosecution version for a factual basis for the plea at any Rule 11 proceeding and is unwilling to agree to the government's version.

4. As recently as *Jones v. United States*, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Court said: "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in

the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt."

5. The debate creates certain ironies. The government takes the position that sentence-enhancing factors are not "elements" because nationally the government has argued that *Blakely* does not apply to federal sentencing. But it wants me not to accept the partial plea, an argument that would be easier to make by calling them elements that the defendant must admit to in order to plead guilty. The government has carefully refrained from doing so.

It will be difficult for the government to try the issues of conspiracy scope and drug quantity without simultaneously presenting a good deal of evidence about the conspiracy itself. Permitting a plea of guilty to the conspiracy, but not the scope or quantity, therefore, will produce disputes at the resulting trial over what is material versus what is unduly prejudicial evidence.[6] The appellate cases generally have said that defendants cannot stipulate their way out of the government's right to try a case the way it was charged. *See Old Chief v. United States,* 519 U.S. 172, 186–87, 190–92, 117 S.Ct. 644, 136 L.Ed.2d 574 (reiterating standard rule, but holding that the defendant's legal status as a felon is different and that the government can be compelled to accept such a stipulation). This background counsels in favor of sustaining the government's objection to the partial plea as it affects both scope and drug quantity.

I cannot see any prejudice to the defendant in declining his partial plea. The primary benefit to the defendant in the proposed partial plea is the possibility of obtaining a reduced sentence for acceptance of responsibility under Guideline 3E1.1. That of course will depend on what the jury and I[7] conclude about relevant conduct after trial. But if the defendant elects at trial to admit the conspiracy (as he proposes to do in his partial guilty plea), and contests only the drug quantity and scope of the conspiracy before the jury, he should be able to make the same arguments about acceptance of responsibility to me at sentencing.[8] True, there may be somewhat more work for his lawyer in preparing for a broader trial (practically speaking the dimensions of the trial will probably not vary a lot) but, since the defendant has a court-appointed lawyer, this factor is an expense to the taxpayer, not the defendant.

After all is said and done, a defendant has a right to a jury trial, but he has no absolute right to plead guilty. *Santobello v. New York,* 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "A court may reject a plea in exercise of sound judicial discretion." *Id.* at 262, 92 S.Ct. 495. I conclude that the defendant cannot enter a partial plea of guilty while reserving the issue of conspiracy scope for a jury trial. The ability to reserve drug quantity is a closer question. But I also conclude in the uncertain state of post-*Blakely* federal sentencing that the prudent course is to reject the partial plea on that score as well.

So Ordered.

---

The defendant faces the same dilemma in reverse.

**6.** It will also save only minimal court time at best.

**7.** *Blakely* does not seem to restrict the judge's role in downward adjustments of the Guideline range such as 3E1.1 permits.

**8.** It is already too late to get the third point under 3E1.1(b) because of the late stage of the proceedings (the jury has been empaneled).