Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 06-1594

MARCOS MARTÍNEZ-MEDINA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Torruella, Lipez and Howard,
Circuit Judges.

Marcos Martínez-Medina on brief pro se.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Julia M.
Meconiates, Assistant U.S. Attorney, and Rosa Emilia Rodriguez-
Velez, United States Attorney, on brief for appellee.

May 8, 2008

**Per Curiam**. Pro se appellant Marcos Martínez-Medina appeals from the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. For reasons given below, we affirm. On appeal, Martínez also raises new claims, which are outside the scope of the certificate of appealability (COA) granted by the district court. As to such claims, we deny a COA. We begin with background.

## I. Background

In 1998, Martínez and various co-defendants were convicted of conspiring to possess with intent to distribute and distribution of multi-kilograms of cocaine, heroin, and marijuana in violation of 21 U.S.C. § 841(a)(1) and § 846. At his sentencing hearing in 1999, the district court found that Martínez had committed certain murders in furtherance of the drug conspiracy, a finding that significantly increased the applicable sentencing guideline range. Eventually, the court imposed the high end of the guideline range--a prison term of 405 months, or nearly 34 years. Martínez appealed, and his appeal was consolidated with appeals by two of his co-defendants.

On appeal, Martínez's appointed appellate attorney, who had also been his trial attorney, challenged his conviction and sentence. During the pendency of the appeal, Apprendi v. New Jersey, 530 U.S. 466 (2000), was decided. In a supplemental brief, counsel raised an Apprendi claim, alleging that Martínez's sentence

-2-

had been based on murders that were neither charged in the indictment nor determined by the jury beyond a reasonable doubt. In her brief, however, counsel conceded that Martínez was responsible for more than 500 grams of cocaine and that the 40-year statutory maximum in § 841(b)(1)(B) applied.

We affirmed Martínez's conviction and sentence. We rejected his Apprendi and other sentencing claims, relying in part on counsel's appellate concession that the statutory maximum was 40 years. But before we turned to Martínez's Apprendi claim, we discussed a possible sentencing guideline error that we had noticed sua sponte--that the district court had not determined the specific drug quantity attributable to Martínez. We stated that, in the absence of a quantity determination, the 20-year statutory maximum would apply, and noted that Martínez had received a nearly 34-year sentence.[1] But we suggested that any error had been forfeited or

---

[1]As this court has emphasized both before and after Apprendi, a sentencing court may not automatically attribute the conspiracy-wide drug quantity to an individual defendant for purposes of guideline sentencing, but must make an individualized determination of drug quantity. See United States v. Sepúlveda, 15 F.3d 1161, 1197 (1st Cir. 1993) (stating that the guidelines require an individualized determination of drug quantity); United States v. Colón-Solis, 354 F.3d 101, 103 (1st Cir. 2004) (stating that this court has "consistently . . . required a defendant-specific determination of drug quantity as a benchmark for individualized sentencing under the guidelines"). In many drug cases, the individualized finding of drug quantity will determine the appropriate base offense level under the drug guideline, § 2D1.1. Prior to Apprendi, it was also used to determine the appropriate statutory maximum under § 841(b)(1). See United States v. Irvin, 2 F.3d 72, 77-78 (4th Cir. 1993).
    In Martínez's case, however, the base offense level was

waived--counsel had not objected to the lack of findings at the sentencing proceeding, and, on appeal, she had conceded to a higher maximum. At the same time, however, we observed that based on the trial evidence, the district court "would have had no difficulty" finding Martínez responsible for more than 500 grams of cocaine. See United States v. Martínez-Medina, 279 F.3d 105, 125 & n.10 (1st Cir.), cert. denied, 537 U.S. 921 (2002). In so doing, we essentially confirmed that the district court's apparent error and counsel's failure to press for a specific drug amount finding were not prejudicial since it was clear that the district court, if it had addressed the issue, would have attributed at least 500 grams of cocaine to Martínez, thereby exposing him to a 40-year maximum, which exceeded the sentence he actually received.

Subsequently, Martínez's attorney urged him to file a § 2255 motion alleging that she had rendered ineffective assistance

---

determined under the murder guideline, § 2A.1.1, not the drug guideline. Nonetheless, the district court, which sentenced Martínez pre-Apprendi, should still have made an individualized drug finding so as to determine whether the murder-based guideline sentence was within the statutory maximum applicable to Martínez's drug offense. See § 5G1.1(c) (permitting imposition of a guideline sentence only if it is within "the statutorily authorized maximum sentence" and "any statutorily required minimum sentence"); id. (commentary) (indicating that the statutory maximum is the one "authorized by statute for the offense of conviction"). For example, if the district court had determined that no specific quantity of cocaine could be attributed to Martínez, then it could not have imposed a guideline sentence of nearly 34 years on Martínez. At most, it could have imposed the 20-year statutory maximum that applies to an offense involving an undetermined amount of cocaine.

of counsel. Based apparently in part on what was a misunderstanding of our appellate decision, she stated that she had misconstrued Apprendi, that Apprendi required application of the 20-year default maximum, and that she had erroneously conceded to a 40-year statutory maximum.

In November 2002, Martínez filed the instant § 2255 motion and certain amendments. He asserted Apprendi claims, alleging that his indictment had not charged him with murders or adequately stated a specific drug quantity and that the jury had not made pertinent determinations either. He also asserted an ineffective assistance of counsel claim, relying on counsel's suggestion that she had misconstrued Apprendi. He contended that if counsel had not conceded to the 40-year statutory maximum, this court would have vacated his sentence on appeal on the ground that Apprendi required application of the 20-year maximum. Among other things, Martínez noted that certain co-defendants of his, who had played a more significant role in the conspiracy, but who had been sentenced *after* Apprendi, had received sentences of 20 years on the drug conspiracy count.

On February 7, 2006, the district court issued an Opinion and Order denying the § 2255 claims. The court upheld a magistrate judge's report recommending that the claims be denied and also offered additional analysis. Subsequently, it granted Martínez's

application for a COA and his motion to proceed in forma pauperis on appeal.

## II. Discussion

After careful consideration of Martínez's contentions, we affirm the district court's denial of the § 2255 motion, and we deny a COA relative to Martínez's new appellate claims. See 28 U.S.C. § 2253(c)(2) (permitting a COA "if the applicant has made a substantial showing of the denial of a constitutional right").

### A. The Apprendi Issues

### 1. Drug Quantity

Martínez argues that his indictment was defective under Apprendi because it did not adequately charge drug quantity. He also objects to the fact that the jury did not determine drug quantity and type as was subsequently required by Apprendi. His claims are unpersuasive for the following reasons.

First, Martínez fails to cite any case law to support his claim that his indictment violated Apprendi.[2] In pertinent part, the indictment charged a conspiracy involving "multi-kilograms" of cocaine, which implied that it involved a minimum of 1 kilogram of cocaine. In addition, the indictment specified a relevant overt act--that, in early 1996, approximately 2 kilograms of cocaine were

---

[2]And we note that, in the direct appeal, the appellants did not raise Apprendi claims challenging the adequacy of the drug quantity allegations in the indictment, and that we did not rule on that question.

delivered to the drug point with which Martínez had allied himself. Hence, taken together, the indictment allegations put Martínez on notice that he could be subject to a 40-year statutory maximum.[3] See United States v. Soto-Beníquez, 356 F.3d 1, 49 n.10 (1st Cir. 2003) (stating that an indictment need not "specify the exact amount of drugs involved in the conspiracy, as long as it allege[s] the appropriate threshold amounts necessary to support the defendants' sentences"); 21 U.S.C. § 841(b)(1)(B) (providing for a 40-year maximum if the offense involves at least 500 grams of cocaine).

Next, it is true that there was Apprendi error because the jury did not determine drug quantity. But as we explained in rejecting the same Apprendi claim by Martínez's co-appellants, the error was harmless under any standard of review since the overwhelming trial evidence showed a conspiracy-wide drug quantity that triggered a statutory maximum of life in prison. Martínez-Medina, 279 F.3d at 122. The same reasoning applies to Martínez

---

[3]Because Martínez has not established that his indictment failed to adequately allege drug quantity, his other arguments premised on that contention also fail. In any event, this panel would be obliged to follow First Circuit precedent over conflicting precedent from other circuits. E.g., United States v. González-Vélez, 466 F.3d 27, 35 (1st Cir. 2006) (confirming this circuit's position that drug quantity is not an element of a conspiracy crime under 21 U.S.C. § 846). In addition, the jurisdictional proposition that Martínez advocates is no longer valid. See United States v. Cotton, 535 U.S. 625, 631 (2002) (overruling prior case law holding that a defective indictment deprives a court of jurisdiction over the prosecution).

because he was found guilty of participating in the same conspiracy. Id. at 113-15; United States v. Casas, 425 F.3d 23, 66 n.58 (1st Cir. 2005) (emphasizing that, for Apprendi purposes, it is the drug quantity attributable to the entire conspiracy and not the quantity attributable to the individual defendant that determines the statutory maximum).

### 2. The Murders

Since the trial evidence supported a statutory maximum of life, Martínez had no viable Apprendi claim based on the district court's finding that he had committed certain murders that could be used to enhance his guideline sentence. As of the time his appeal was pending, Apprendi was deemed not to implicate "findings made for purposes of the sentencing guidelines," as we noted in rejecting the same Apprendi claim by his co-appellants. Martínez-Medina, 279 F.3d at 122.

### B. Ineffective Assistance of Counsel

Martínez contends that his appellate counsel rendered ineffective assistance on appeal. She allegedly misconstrued Apprendi and so erroneously conceded that he was responsible for more than 500 grams of cocaine and that a 40-year maximum applied. But as discussed above, the statutory maximum based on the evidence as to the conspiracy-wide drug quantity was life. Accordingly, counsel's appellate concession to the lower 40-year statutory maximum, and her failure to argue for the even lower 20-year

-8-

default maximum, did not prejudice Martínez.[4]   Given the trial evidence and the state of the law at that time, Martínez could not have obtained a reduced sentence on appeal based on Apprendi.

C.   The New Claims

In his appellate brief, Martínez raises new issues that were not presented in his § 2255 motion or in his district court application for a COA.  As to such issues, Martínez must show that a COA is warranted.  We conclude that he has not done so.

Martínez argues that he should be resentenced consistent with the 5-year default maximum for a marijuana offense.  He contends that the jury might have convicted him for having been involved in marijuana transactions, but the trial transcripts provide no factual support for his argument. Martínez also presses a claim under United States v. Booker, 543 U.S. 220 (2005), relative to the murder enhancement of his sentence.  His claim is foreclosed by our case law. "This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive." United States v. Fraser, 407 F.3d 9, 11 (1st Cir.

---

[4]We note as well that counsel did not render objectively unreasonable performance by adopting a position on appeal that was supported by the trial evidence.  As indicated in our appellate opinion, the evidence would readily have permitted a finding that over 500 grams of cocaine could be attributed to Martinez. Martínez-Medina, 279 F.3d at 125 n.10.

2005) (citing <u>Cirilo-Muñoz</u> v. <u>United States</u>, 404 F.3d 527 (1st Cir. 2005)).

<u>We affirm the district court's judgment denying the motion to vacate under 28 U.S.C. § 2255. We deny a COA to appeal based on new claims and terminate the appeal as to such claims.</u>