# United States Court of Appeals
## For the First Circuit

No. 07-1828

UNITED STATES OF AMERICA,

Appellee,

v.

FERMIN HERNÁNDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Torruella and Selya, Circuit Judges,
and Domínguez,* District Judge.

David Duncan, with whom Zalkind, Rodriguez, Lunt & Duncan LLP
was on brief, for appellant.
    Kelly Begg Lawrence, Assistant United States Attorney, with
whom Michael J. Sullivan, United States Attorney, was on brief, for
appellee.

August 29, 2008

_____
*Of the District of Puerto Rico, sitting by designation.

**SELYA**, **Circuit Judge**.  In this single-issue criminal appeal, defendant-appellant Fermin Hernández raises a question of first impression concerning the application of section 4A1.1(d) of the federal sentencing guidelines.  Although an oddly placed transitional expression in an application note and the ingenuity of able counsel combine to give us momentary pause, we conclude that the guideline provision says what it means and means what it says.  Hence, the district court did not commit any interpretive error and the defendant's sentence must be affirmed.

Because this appeal follows the entry of a guilty plea, we draw the facts from the change-of-plea colloquy, the uncontested portions of the presentence investigation report (PSI Report), and the transcript of the disposition hearing.  See United States v. Dietz, 950 F.2d 50, 51 (1st Cir. 1991).  We limit our recital to those facts that are helpful to an understanding of the issue on appeal.

In late 2003, the government began a protracted investigation of a large-scale heroin trafficking ring.  The probe eventually led to an indictment that charged fifteen persons, including the defendant, with conspiracy to distribute one kilogram or more of heroin during the period from December of 2003 to January of 2005.  See 21 U.S.C. §§ 841(a)(1), 846.  As matters turned out, the evidence of the defendant's direct involvement in the conspiracy boiled down to (i) his participation in the delivery

-2-

of about 300 grams of heroin on June 9, 2004 and (ii) testimony that he had participated in at least two deliveries at unspecified times during the life of the conspiracy.

The defendant originally maintained his innocence but, on December 13, 2006, entered a guilty plea to the conspiracy count as framed. The district court convened the disposition hearing on April 24, 2007.

The defendant's criminal history revealed one relevant entry: a New York state conviction for operating a motor vehicle while under the influence of alcohol (OUI). See N.Y. Veh. & Traf. Law § 1192. The New York court convicted the defendant of that offense on July 22, 2004, and sentenced him on the same date to, among other things, a period of criminal supervision to begin immediately and to expire on July 21, 2005.

The PSI Report in the federal criminal case recommended that this conviction yield an aggregate of three criminal history points: one for the conviction itself, see USSG §4A1.1(c); and two more because the federal offense was committed while the defendant was under a criminal justice sentence emanating from the state OUI offense, see id. §4A1.1(d). The government supported this recommendation.

The defendant objected to the two-point enhancement under section 4A1.1(d). He argued that, for sentencing purposes, the federal offense should be deemed to have occurred on June 9, 2004

(the date of his proven personal involvement in the conspiracy). Since that specific conduct transpired prior to the imposition of the state criminal justice sentence, section 4A1.1(d) should not apply.

The district court rejected this reasoning and overruled the defendant's objection. Noting that the July 2004 OUI court supervision sentence had been imposed within the fourteen-month span of the conspiracy, the court ruled that section 4A1.1(d) required the addition of the two disputed criminal history points. The resultant criminal history score rendered the defendant ineligible for safety-valve relief. See USSG §5C1.2(a)(1). Consequently, the court sentenced him to the mandatory minimum term of imprisonment: sixty months. See 21 U.S.C. § 841(b)(1)(B). This timely appeal followed.

We review a sentencing court's interpretation and application of the guidelines de novo. United States v. Goodhue, 486 F.3d 52, 55 (1st Cir. 2007). The guideline provision here at issue — USSG §4A1.1(d) — requires a sentencing court to add two points to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation." For guideline purposes, "offense" is defined as "the offense of conviction and all relevant conduct . . . unless a different meaning is specified or is otherwise clear from the context." USSG §1B1.1, cmt. (n.1(H)).

In this case, the offense of conviction is conspiracy. The indictment makes manifest that the offense spanned a fourteen-month period from December 2003 to January 2005. The criminal supervision sentence for the unrelated OUI offense was imposed about midway through this span. The defendant pleaded guilty to the conspiracy as charged. At first blush, then, it seems as though the instant offense (or, at least, some part of it) was committed while the defendant was under a criminal justice sentence.

To counter this construction, the defendant points to an application note to section 4A1.1(d). The note states that "[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence." USSG §4A1.1, cmt. (n.4) (emphasis supplied). The defendant posits that the underscored transitional expression equates "any part of the instant offense" with "any relevant conduct" and, thus, that the latter limits the former. Accordingly, his thesis runs, section 4A1.1(d), read through the prism of note 4, focuses not on the offense of conviction simpliciter but, rather, on whatever act(s) the defendant himself committed within the confines of that offense. He adds that the qualifier to the guideline definition of "offense" — which reads "unless a different meaning is specified or is otherwise clear from

-5-

the context," USSG §1B1.1, cmt. (n.1(H)) — opens the door for reading note 4 to disrupt the plain meaning of section 4A1.1(d).

To be sure, note 4 is not a model of literary elegance. The transitional expression "i.e." (which literally translates as "that is") appears imprecise in this context, and its use tends to obfuscate the note's meaning. But it is a quantum leap to assume, as the defendant would have it, that this awkward locution should be regarded as a clear or specific signal from the Sentencing Commission that it desired to alter the meaning of "instant offense" in section 4A1.1(d). At most, the defendant has pointed out a possible inconsistency between the guideline and note 4 — and any inconsistency between a guideline provision and a piece of guideline commentary must be resolved in favor of the plain meaning of the guideline itself. See Stinson v. United States, 508 U.S. 36, 43 (1993); United States v. Fiore, 983 F.2d 1, 2 (1st Cir. 1992).

In all events, we think that the inconsistency envisioned by the defendant is more imagined than real. The most plausible reading of note 4 is not as a direction to substitute "relevant conduct" as a universal proxy for "instant offense" but, instead, as a means of reminding a sentencing court that the phrase "any part of the instant offense" includes "any relevant conduct" (whether or not occurring within the four corners of the offense as

charged).  In that way, note 4 confirms that the potential reach of section 4A1.1(d) includes relevant conduct.

The reading that we propose is consistent with the guideline definition of "offense" as "the offense of conviction <u>and</u> all relevant conduct."  USSG §1B1.1, cmt. (n.1(H)) (emphasis supplied).  It also comports with the existing case law; although there is no reported case directly on point, courts applying section 4A1.1(d) in analogous circumstances have interpreted the application note relied on by the defendant as allowing the use of relevant conduct to broaden the boundaries of the offense of conviction rather than to shrink those boundaries.  <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Williams</u>, 272 F.3d 845, 853 (7th Cir. 2001); <u>United States</u> v. <u>Sherwood</u>, 156 F.3d 219, 222 (1st Cir. 1998); <u>United States</u> v. <u>Harris</u>, 932 F.2d 1529, 1538-39 (5th Cir. 1991).

We add a coda.  At bottom, the defendant's argument smacks of an attempt needlessly to import the complexities of conspiracy law into a case that calls for nothing more than a straightforward reading and application of a carefully scripted guideline provision.  While there are situations that require a sentencing court to make findings as to the specific acts attributable to a particular coconspirator, <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Pizarro-Berríos</u>, 448 F.3d 1, 7 (1st Cir. 2006) (attributing amount of loss); <u>United States</u> v. <u>Colón-Solis</u>, 354

F.3d 101, 103 (1st Cir. 2004) (attributing drug quantity), this is not one of them.[1]

We need go no further. Here, the defendant "committed the instant offense while under a[] criminal justice sentence," USSG §4A1.1(d), and the district court appropriately elevated his criminal history score by two points on that account.

**Affirmed**.

---

[1]A different analysis might have been necessary had the defendant presented evidence to the district court of his abandonment of or withdrawal from the conspiracy prior to the imposition of sentence in the OUI case. Here, however, the defendant offered no such evidence; instead, he entered a plea of guilty to the conspiracy as charged — a conspiracy that he admitted was ongoing on the date of, and after, the OUI sentence was imposed. See United States v. Grant, 114 F.3d 323, 329 (1st Cir. 1997) ("When a criminal defendant pleads guilty, he admits not only that he committed the factual predicate underlying his conviction, but also that he committed the crime charged against him." (internal quotation marks omitted)).